ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. All concurred.

William J. Morgan, as Comptroller, etc., v. William J. Cowle and Another.— Motion for reargument denied, with ten dollars costs. All concurred, except McLennan, J., not voting.

Daniel V. Wilgus v. George Wilkinson.— Motion for leave to appeal to the Court of Appeals granted, and questions certified to that court filed with the clerk. All concurred.

James M. Sample v. Jane E. Thompson and Another.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. All concurred.

Alice E. Skinner v. Frederick Henry Norman, as Treasurer.— Ordered, that the order of this court, made on the 12th day of June, 1897, be amended as of that date, so as to read as follows, viz.: "That upon an examination of the facts we find that they sustain the verdict of the jury, but we hold that, upon the facts as thus established, as matter of law, the plaintiff is not entitled to recover." All concurred, except McLennan, J., not sitting.

The Genesee Valley National Bank v. The Town of Greenburgh, Impleaded, etc.— Motion granted, with ten dollars costs. All concurred.

Gertrude Gordon v. The City of Niagara Falls.— Ordered, that the motion be granted and the appeal dismissed, with costs, including ten dollars costs of motion, unless the appellant, within ten days, pays the ten dollars costs of motion and procures a written stipulation from the respondent's attorneys opening the default in serving proposed case and exceptions, or serves notice of motion for an order opening such default for the next Special Term practicable, and thereafter proceeds with due diligence to have the case settled, signed and filed, on the authority of the opinion of Williams, J., in Vandenbergh v. Mathews (52 App. Div. 616). All concurred.

In the Matter of the Examination of Andrew J. Elliott and Another in Proceedings Supplementary to Execution upon a Judgment Entitled William B. Morse and Stephen G. Hollister v. Andrew J. Elliott and Sarah J. Elliott.— Order affirmed, with ten dollars costs and disbursements. All concurred.

Jefferson County National Bank Respondent, v. Margaret A. Townley, Appellant, Impleaded, etc.— Motion to dismiss appeal denied, without costs. Order affirmed, without costs. All concurred.

John N. Lockwood, Respondent, v. The City of Buffalo, Appellant.— Judgment affirmed, with costs, on authority of Choate v. City of Buffalo (39 App. Div. 379). All concurred.

Benjamin Desbecker et al., Respondents, v. David M. Cauffman and Another, Appellants.— Order affirmed, with ten dollars costs. All concurred.

Jesse Kring, an Infant, by Lizzie A. Kring, his Guardian ad Litem, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Judgment and order affirmed, with costs. All concurred.

Frank S. Bantle, Respondent, v. Samuel D. Vance and Others, Appellants.— Judgment and order affirmed, with costs. All concurred.

Ernest B. Colby, Respondent, v. Walter Phelps, Appellant.— Judgment affirmed, with costs. All concurred.

Burt H. Mills, Appellant, v. Samuel M. Lawrence, Respondent.— Judgment affirmed, with costs. All concurred.

Aaron Lloyd, Respondent, v. Edward Thompson, Jr., et al., Appellants.— Motion for reargument denied, with ten dollars costs and disbursements. All concurred.

Thomas Tobin, Appellant, v. Syracuse Rapid Transit Railway Company, Respondent.— Judgment of the County Court reversed, with costs, and judgment of the Municipal Court affirmed, with costs. Held, that upon the evidence the Municipal Court was justified in deciding that the plaintiff was entitled to recover. All concurred.

Harry E. Brim, Appellant, v. Frank N. Stevens, Respondent.— Judgment affirmed, with costs. All concurred.

George Thurber, Respondent, v. The Village of Brockport, Appellant.— Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the recovery to the sum of $1,200, in which event the judgment and order, as thus modified, are affirmed, without costs of this appeal to either party. All concurred.

52 i 621
a167a597

---

SECOND DEPARTMENT, JUNE TERM, 1900.

Joseph J. Wiffler and John H. Wiffler, Appellants, v. John A. Murphy and Mary A. Murphy, Respondents.— Judgment and order denying motion for a new trial affirmed, with costs as to the defendant Mary A. Murphy, and reversed and a new trial granted, costs to abide the event, as to the defendant John A. Murphy. Order permitting amendment of answer affirmed.— Appeal from a judgment of the Westchester Trial Term, dismissing the complaint, after a verdict for the defendants, and from an order denying a motion to set aside the verdict and for a new trial.—

GOODRICH, P. J.: The action is upon a promissory note of $2,500, made by the defendant John A. Murphy, and indorsed by his mother, the defendant Mary A. Murphy. The defense is that the note was given without consideration, as an accommodation, and in the answer of John there is a counterclaim for $800, money loaned by him to the plaintiffs. The jury rendered a verdict for the defendants, and from the judgment entered thereon

the plaintiffs appeal. Denis Murphy, the father of John and husband of Mary, traded with the plaintiffs from 1892, and had given them a note for $800, dated June 10, 1895, which they had discounted at the Citizens' National Bank of Yonkers. John testified that when the note matured, Joseph, one of the plaintiffs, asked him if he would not let him have the money to take up the note, and that he gave him a check for the amount to the order of " Wiffler Brothers," the plaintiffs' firm. This is denied by Joseph. The check, which was produced, was not indorsed by the plaintiffs' firm and so would seem to support the testimony of Joseph. Mr. Keeler, cashier of the bank, testified that the check was not handed to him by either of the plaintiffs, but was charged up to John A. Murphy; that it was used to take up Denis' note and was returned with other vouchers to John, and that the note was returned either to John or to Denis. He also testified that six or seven weeks before the trial, and after the commencement of the